**DONALD M. GINDY, SB# 45228**
Law Offices of Donald M. Gindy
E-Mail: don@gindylaw.com
1925 Century Park East, Suite 650
Los Angeles, California 90067
Telephone: 424.284.3123

Attorney for HITEK SOFTWARE LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Hitek Software LLC, a California Limited Liability Company, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;** |
| DOES 1-10, Inclusive, | **3. VICARIOUS COPYRIGHT INFRINGEMENT;** |
| Defendants. | **4. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT; § 1201;**<br>**5. REQUEST FOR INJUNCTIVE RELIEF** |
| | **Jury Trial Demanded** |

  Plaintiff, Hitek Software, LLC, a California limited liability company, hereby

brings the within action against DOES 1-10, for copyright infringement,

contributory and vicarious copyright infringement and violation of the Digital

Millennium Copyright Act, Section 1201, in connection with the unauthorized

copying and usage of plaintiff's copyrighted software entitled Automize Enterprise.

1

COMPLAINT

This action is based upon a federal question.

**A. JURISDICTION AND VENUE.**

1.      This action arises under the Copyright Act of the United States, 17 U.S.C. §§101 & 501, et. seq. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)&(c).

3.      Venue is further proper in that defendants affirmed an End User License Agreement (or EULA) upon use of plaintiff's Trial Version of a software program. Said license contains a Forum Selection Clause providing in essence that in the event of a dispute involving any terms or conditions of this license, the matter shall be heard in the County of Los Angeles, State of California.

**B.      THE PARTIES.**

4.      Hitek Software LLC, is a limited liability company, organized and doing business under the laws of the State of California. Its principal headquarters is located in Santa Barbara, CA 93117.

5.      Plaintiff is informed and believes and thereon alleges Defendant DOES 1-10, are a business.

**C.      SUMMARY OF THE ACTION.**

6.      This action seeks damages and injunctive relief based upon the defendant's unauthorized access to, copying and usage of plaintiff's copyrighted software entitled "Automize Enterprise, Version 7.41".

7.      Hitek has registered its programs with the Register of Copyright and was given the registration number of TX0001347946 for Version 7.0 of the above entitled program; TX0007253216 for Version 8.0; TX0007255963 for Version 9.0; and TX0007703777 for Version 10.0 The latter original versions of the software are derivative of its predecessors, including all updates and patches. Copies of the registrations are attached hereto and incorporated by reference, collectively, as **Exhibit "A."**

8.      Hitek licenses the copyrighted program on the World Wide Web of the Internet. The plaintiff is an adherent of the Shareware philosophy of offering the program for a limited time to potential purchasers. In this instance, it is offered for 30 days. A party is permitted to try out the program and see if it is suitable for their needs. They may use the program after they affirm an End User License Agreement (EULA). If the software meets their expectations, they may purchase it at any time, including while using the trial version or thereafter. Upon receipt of payment, plaintiff will issue to them a confidential 20 digit alphanumeric code permitting them to open the program and apply it to their business needs. No code is issued to a trial user. A copy of the EULA for Version 7.0 is attached hereto and incorporated by reference as **Exhibit "B."**

9.      Unfortunately, despite the plaintiff's best efforts, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to the program and have used the software to satisfy their own interests. These intruders

3

COMPLAINT

have used so-called "cracking sites," which exist in great abundance on the Internet, to enable their penetration of the program. These sites supply the decryption of registration keys to developer's software and facilitate fraudulent registration codes (or keys) to be used in order to gain access to the programs. In self-defense, the Hitek has adopted a tracking system which is able to identify the date and time of the intruder, the external and internal IP of the offending computer, the identity of the user of that computer and other data which is integral to proof of unauthorized access and copying.

10. The tracking system the plaintiff adopted disclosed that a computer owned and operated by defendants had used a fraudulent registration code (or "key") to gain unauthorized access to, copying of and use of plaintiff's program.

11. Plaintiff is not yet aware of the name of DOES 1-10 who are believed to be the parties who downloaded Plaintiff's program. Upon information and belief, DOE 1 -10 introduced a false code into the trial version of the software and unlocked the program to unlimited use without the knowledge or consent of Hitek Software. The true names or capacities of defendants DOES 1-10, inclusive, are unknown to plaintiff, who therefore alleges that each of the defendants designated herein as DOES are legally responsible in some manner for the events and happenings herein referred to, and is legally responsible for the injuries and damages to plaintiff as herein alleged.

12. Plaintiff alleges that at all times the injury and damage which is

COMPLAINT

1  complained of occurred within this judicial district.

2       13.    Plaintiff is informed and believes and thereon alleges that at all times

3

4  mentioned, each of the defendants was the agent and employee of the remaining

5  defendants and was at all times acting within the purpose, course and scope of said

6  agency and employment and each of the defendants has ratified and approved the

7  acts of the remaining defendants.

8

9       14.    The program "Automize Enterprise" allows the user to schedule and

10  automatically execute tasks. One instance of task completion is equivalent to an

11  operator manually logging on to the server and performing an operation. Its intrinsic

12

13  value lies in its automation feature that saves costs and considerable man-hours that

14  would otherwise detract from the primary work of defendants.

15

16  ### FIRST CLAIM FOR RELIEF

17  ***Violation of 17 U.S.C.§106 &501, et seq., Copyright Infringement***

18

19       15.    Plaintiff incorporates by reference paragraphs 1 through 14 as if the

20  same were set forth fully herein.

21       16.    The first instance of illegal installation occurred on February 4, 2013 at

22

23  2:30:55 p.m. EST. On that date and time, a user registered a fraudulent key to the

24  software version 7.41. The computer was identified by its Public Internet Protocol

25  Address of 216.110.201.210  and the Private IP address is noted as

26

27  192.191.191.121.  Defendant has continued to unlawfully access and use the

28

program in violation of Plaintiff's copyrights on and after February 4, 2013.  Each access and each use of the program constitutes a new and unlawful copyright violation.

17.     Unauthorized access was gained by reason of the use of a fraudulent key which unlocked the software to unlimited use without the knowledge or consent of plaintiff. The key is noted as: QXY8R-RQRXR-SR5GY-HVV96.   This key was not issued by Hitek.

18.     The American Registry of Internet Numbers (ARIN), an independent organization  whose task is to assign internet protocol numbers to internet service providers has noted that the numbers  216.110.201.210  are within the range of numbers serviced by Hood River Electric Co-Op Inc. A copy of the ARIN report is attached hereto as **Exhibit "C."**

19.     Since April 4, 2013, the user has run 91 tasks.  Since April 4, 2013, the user has run over 2,511,326 task runs of the software. Plaintiff has documented usage by Proof of Illegal Usage and attached hereto and incorporated by reference as **Exhibit "D."**

20.     Defendants' actions were knowledgeable and done with intent to harm plaintiff by depriving it of its rightful profit and gain.  Defendants' actions have likely harmed plaintiff in a variety of ways in the value of its program; the value of licensing; and the unfair and unjust enrichment and profits gained by defendants' and each of them and for which plaintiff seeks Actual damages pursuant to 17

U.S.C. §504. The amount of Actual damages is unknown at this time, but according to proof at time of trial. Use of a fraudulent code in order to gain unauthorized access and usage of the program is prima facie proof of willfulness justifying plaintiff's claim to the maximum permitted for Statutory Damages of $150,000.00.

## SECOND CLAIM FOR RELIEF
### *Contributory Copyright Infringement*

21.    Plaintiff incorporates by reference paragraphs 1 through 20 inclusive, as if the same were set forth fully herein.

22.    Plaintiff is informed and believes and thereon alleges that Defendants induced, caused and materially assisted in and contributed to the infringement alleged herein by supplying its employees, officers, servants, agents and others with the program, devices and equipment enabling them and each of them to commit the acts complained of herein. Plaintiff is further informed and believes that at all times mentioned herein defendants DOES 1-10 were aware of the illegality of what they contributed to, yet failed and refused to bring an end to these acts and was willfully blind to the activity. Accordingly, DOES 1-10 are jointly and severally liable as contributory infringers to plaintiff for the direct infringement committed by its employees, servants, agents or others.

23.    Defendants' acts were done with intent to injure plaintiff and take from it a rightful profit for its product. Use of a fraudulent code in order to gain unauthorized access indicates a knowledgeable act and a willful act resulting in

COMPLAINT

plaintiff's right to seek the maximum Statutory Damages award available of

$150,000.00. In the alternative, plaintiff is informed and believes that Actual

Damages are appropriate, but the exact amount is unknown at this time, according to

proof at time of trial.

### THIRD CLAIM FOR RELIEF

*Vicarious Copyright Infringement*

24.     Plaintiff incorporates by reference paragraphs 1 through 23, inclusive,

as if the same were set forth fully herein.

25.     At all times mentioned herein, defendant DOES 1-10, as employers of

all the other defendants, had the right and ability to oversee, supervise and control

the actions of its employees by virtue of its position. The acts of other unknown

employees gaining unauthorized access so as to enable them to purloin plaintiff's

copyrighted product was preventable by vigilant acts on the part of DOES 1-10. Yet,

the latter refused to prevent these acts from occurring.

26.     Moreover, defendant DOES 1-10 gained a financial benefit they would

not otherwise have enjoyed by the unauthorized usage of the plaintiff's program. By

its usage, DOES 1-10 saved costs and avoided certain expenses owed to employees

for man-hours it would normally be required to pay. But for this unauthorized

benefit as a result of Automize Enterprise's automation feature, DOES' profit would

likely be less for the period in question.

27.     As a consequence, DOES 1-10 are vicariously liable to plaintiff for

COMPLAINT

infringement, and joint and severally liable for damages with those persons directly committing copyright infringement. In this case, DOES 1-10 are liable to the greater of Actual Damages, according to proof, or the maximum of Statutory Damages per 17 U.S.C. § 504.

## FOURTH CLAIM FOR RELIEF

### *Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201(a))*

28.    Plaintiff incorporates by reference paragraph 1 through 27, inclusive, as if the same were set forth herein.

29.    At all times mentioned herein, plaintiff had in force a 20 digit alphanumeric code, with an embedded order number, year and computer name, designed to control access to his copyrighted software. It is only when a legitimate purchaser fulfills his obligation with respect to the terms and conditions of the End User Licensing Agreement (EULA) and pays the standard market fee, that unlimited access to the licensed product is permitted; Plaintiff will issue to the licensee a license and provide legitimate code enabling access to the copyrighted program.

30.    The code is intended as a technological measure for the purpose of protecting Hitek's proprietary program. To gain access requires knowledge of the 20 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code.

31.    Each access of the program constitutes a new violation of section 1201.

32.     The true number of occasions of acts of circumvention is unknown to plaintiff at this time, but at least twenty occasions are detected. As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, plaintiff has sustained damages as previously set forth herein.

33.     The use of the circumvention device to gain access is an Intentional and knowledgeable act by the defendants. It is therefore willful and subjects DOES 1-10 to the maximum allowed for Statutory Damages per occurrence or per "violative act" of unauthorized access and infringement or $150,000.00.

**WHEREFORE**, plaintiff prays that the Court issue the following order:

A.     Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiffs copyrighted application software identified above without the express written approval of plaintiff or his delegate;

B.     Defendants be ordered to identify, preserve, set aside and retain any and all source code used by them in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:

(i)     all electronically stored information which contains any portion of plaintiff's copyrighted program;

(ii)     all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

COMPLAINT

C.    Pay plaintiff all damages sustained by Hitek as the result of DOES 1-10's unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiffs expense. In particular, Plaintiff demands compensation of at least $150,000.00 as Statutory Damages, or alternatively, Actual Damages, in the nature of profits attributable to the infringement, both direct and, indirect, according to law.  In addition, the maximum allowed per occurrence in Statutory Damages for violation of the Digital Millennium Copyright Act, §1201(a).

D.    All costs of litigation, including, but not limited to costs of suit, an award of reasonable attorney fees and interest at legal rates.

E.    Such other and further relief as the Court deems just.

Dated: December 12, 2014

                                        LAW OFFICES OF DONALD M. GINDY

                                        By:_____
                                            Donald M. Gindy
                                            Attorneys for HITEK SOFTWARE LLC,
                                            a California Limited Liability Company

11

COMPLAINT

1

**DEMAND FOR TRIAL BY JURY**

2      PLEASE TAKE NOTICE that Plaintiff Hitek Software, LLC hereby demands

3   a jury trial in this action.

4

5   DATED: December 12, 2014          LAW OFFICES OF DONALD M. GINDY

6

7

8                                       By:_____
                                              Donald M. Gindy
9                                             Attorneys for HITEK SOFTWARE LLC,
                                              a California Limited Liability Company
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

COMPLAINT
